# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TIM BAXTER                    *

    Plaintiff            *

        v                  *           Civil Action No. DKC-10-2364

SGT. ENGIL, *et al.*          *

    Defendants           *

                             ***

## **MEMORANDUM OPINION**

On October 13, 2010, Plaintiff was ordered to inform the court of his intentions regarding the dismissal of claims raised against Sgt. Engil. ECF No. 11. Correspondence from Plaintiff does not directly address the issue, but concerns which of the named Defendants are witnesses to certain events. ECF No. 13 and 14. The claims against Sgt. Engil shall be dismissed.

Additional correspondence received from Plaintiff indicates he is currently being harassed because he requested copies of records. He states he was punched in the face while being transported to the medical unit and he has written the Internal Investigative Unit (IIU) for the purpose of pursuing criminal charges. Plaintiff requests assistance in obtaining a transfer to another prison because he believes he will be killed if he remains in Western Correctional Institution (WCI). ECF No. 16.

Previously, this court ordered Defendants to show cause why Plaintiff's request for injunctive relief should not be granted. Defendants filed a response, indicating that Plaintiff, who is confined to a wheelchair due to an injury from an automobile accident, is currently assigned to a single cell in disciplinary segregation. They state Plaintiff is prone to exaggerations for purposes of manipulating staff and frequently causes problems in the prison

housing unit. As an example, Defendants state that Plaintiff's medical records are replete with instances of self-inflicted superficial cuts for which he received medical and psychological care. Additionally, Defendants cite an instance at Roxbury Correctional Institution when he became angry about a delay in his return to WCI and stuffed a mattress into the toilet, flooding the cell. ECF No. 10 at Ex. A, Basefile Records, p. 102. Moreover, Plaintiff's claim that his arm became paralyzed after a February 2009 traffic accident was discovered to be false when nurses observed Plaintiff using his arm and hand routinely. ECF No. 10 at Ex. A, Medical Records pp. 4, 38, and 54. Defendants urge the court to deny injunctive relief on the ground that Plaintiff is unlikely to succeed at trial.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff fails to establish he is entitled to preliminary injunctive relief. First, he is unlikely to succeed on the claims raised given the evidence submitted by Defendants indicating that Plaintiff frequently feigns injury, makes false accusations, and attempts to manipulate staff. Secondly, Plaintiff is unlikely to suffer irreparable harm if a preliminary injunction is not issued in light of the limited number of facilities available to accommodate his disability appropriately.

2

Lastly, granting injunctive relief under the apparent circumstances of this case would only serve to encourage a negative behavior pattern that may compromise security measures in place at WCI and other facilities. Accordingly, by separate Order which follows, injunctive relief shall be denied.


Date:   November 30, 2010                         /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge